UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X  NOT FOR PUBLICATION
LAQUAN STOWE,

                Plaintiff,  MEMORANDUM
  AND ORDER
-against-
  06-CV-2149 (ERK)
GOVERNOR GEORGE PATAKI;
COMMISSIONER GLEN S. GOORD;
STAFF K. JOHNSON AT CROSS ROAD
OF DJJ OF BROOKLYN,

                Defendants.
----------------------------------------------------------X

Korman, Ch. J.

Plaintiff Laquan Stowe, incarcerated at Sing Sing Correctional Facility, brings this action *pro se* pursuant to 42 U.S.C. § 1983.[1] Plaintiff alleges that the juvenile facility where he was detained lacked a law library, law books, legal aid counselors, or access to an outside law library. He also alleges that "one of the workers at Crossroad DJJ broke my jaw." Complaint at ¶ II(D). Plaintiff's request to proceed *in forma pauperis* is granted.

Standard of Review

Under 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from officers or employees of a governmental agency and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam).

---

[1] Plaintiff has also filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2003 Queens County conviction. See Stowe v. People, No. 06-CV-2143 (ERK).

1

Similarly, under 28 U.S.C. § 1915(e)(2), the Court must dismiss "at any time" a complaint filed *in forma pauperis* "if the court determines that ... the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Giano v. Goord, 250 F.3d 146, 149 (2d Cir. 2001). As plaintiff is proceeding *pro se*, the Court is obliged to construe his pleadings liberally and interpret plaintiff's pleadings as raising the strongest arguments they suggest. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citation omitted).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a person, acting under color of state law, deprived him of a right, privilege, or immunity secured by the Constitution, laws, or treaties of the United States. 42 U.S.C. § 1983; Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." Id.

## A. Claims against Governor Pataki and Commissioner Goord

The allegations in the complaint fail to state a claim against either Governor Pataki or Commissioner Goord. As a prerequisite to a damage award under 42 U.S.C. § 1983, a plaintiff must allege the defendant's direct or personal involvement in the alleged constitutional deprivation, Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). It is well-settled that liability for damages in a § 1983 action may not be based on the *respondeat superior* or vicarious liability doctrines. Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978); Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996). Here, plaintiff fails to allege facts demonstrating that defendants Pataki or Goord had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of plaintiff's civil rights. Since the claims against these defendants, as presently stated, can be supported only on the basis of the *respondeat*

2

*superior* or vicarious liability doctrines, which are not applicable to § 1983 actions, the claims against these defendants is dismissed. 28 U.S.C. § 1915A(b).

## B. Access to the Courts Claim - Leave to Amend

Liberally construing plaintiff's facts alleging that the juvenile detention facility where he was detained did not have a law library or legal materials, see Complaint at ¶ II(D), as an "access to the court" claim, the claim is insufficient as presented. To establish a violation of the fundamental right of access to the courts, an inmate must show actual injury caused by the alleged deprivation. Lewis v. Casey, 518 U.S. 343, 353 (1996); Monsky v. Moraghan, 127 F.3d 243, 246 (2d Cir. 1997). In order to plead such a claim, plaintiff must demonstrate that he has suffered, or will suffer, actual injury because of the conduct of prison officials. Lewis, 518 U.S. at 349. Here, plaintiff alleges that he had an attorney, but was not able to "research what his attorney was telling" him about his case because the juvenile detention facility lacked a law library or any legal reference materials. This allegation does not rise to an actual injury. Plaintiff's "access to the court" claim is dismissed with leave to replead within 30 days.

## C. Assault Claim - Leave to Amend

Plaintiff also alleges that a staff member, K. Johnson, at Crossroads, a juvenile detention facility run by the New York City Department of Juvenile Justice, broke his jaw. However, plaintiff does not allege when the assault took place or any other facts relevant to this claim. Claims under 42 U.S.C. § 1983 must be commenced within three years of the alleged violation. See Owens v. Okure, 488 U.S. 235 (1989); Wilson v. Garcia, 471 U.S. 261 (1985). Plaintiff is granted leave to replead this claim within 30 days. In the amended complaint, plaintiff must provide the date the assault took place, the location of the assault, the name of the individual who committed the act, and a description of what occurred.

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed as to Governor George Pataki and the Commissioner Glen S. Goord. 28 U.S.C. § 1915A(b). No summons shall issue as to these defendants.

Plaintiff is hereby directed to file an amended complaint within 30 days from the date of this Order as set forth above. The amended complaint must be captioned, "AMENDED COMPLAINT," and bear the same docket number as this Order, 06-CV-2149 (ERK). All further proceedings shall be stayed for 30 days or until plaintiff has complied with this Order. If plaintiff fails to comply with this Order within the time allowed, the complaint shall be dismissed and judgment shall enter. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Edward R. Korman

Edward R. Korman
United States District Judge

Dated: Brooklyn, New York
May 26, 2006